892 F.2d 1049
 15 U.S.P.Q.2d 1157
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re HAUSERMAN, INC.
 No. 89-1450.
 United States Court of Appeals, Federal Circuit.
 Dec. 1, 1989.
 
 Before RICH, Circuit Judge, FRIEDMAN, Senior Circuit Judge*, and PAULINE NEWMAN, Circuit Judge.
 RICH, Circuit Judge.
 
 DECISION
 
 1
 The decision of the Patent and Trademark Office Board of Patent Appeals and Interferences (Board) dated March 17, 1989, sustaining the rejection, under 35 USC 103, of claims 9-11, 16 and 17 in Re-examination Proceeding No. 90/001,101 relating to Ball patent No. 4,224,769 issued to Hauserman Ltd., is reversed.
 
 OPINION
 
 2
 Both parties agree that dependent claims 10-11 and 16-17 stand or fall with independent claim 9. Thus, the sole issue on appeal is whether claim 9, as properly construed, would have been obvious in view of U.S. Patent No. 3,968,882 (Mello).
 
 A. Claim Construction
 
 3
 Patentability hinges on the requirement in claim 9 of a "passage means in said legs substantially aligned with the passage on said beam to permit beam-to-beam wiring passage therethrough." Of particular importance is the phrase "substantially aligned." While the word "aligned" is used several times in the Ball disclosure (col. 4, lines 43, 47 and 49 of Ball '769), no definition of the term is given. The parties have proffered several possible dictionary definitions of the term, including "in a line," and "in correct relative positioning." The PTO argues that we should interpret the claims broadly to include the latter definition, and that the holes 43 and 44 in Mello meet the requirement of being "in correct relative positioning."
 
 
 4
 We agree with the PTO that, in a reexamination proceeding, the claims should be given their broadest reasonable interpretation consistent with the specification. In re Yamamoto, 740 F.2d 1569, 1571, 222 USPQ 934, 936 (Fed.Cir.1984). However, simply because a term is not defined in the specification does not mean that any conceivable definition or interpretation of the term can be used. The definition must still be reasonable and be consistent with the specification. In the present case, the Ball specification shows in Fig. 4 an arrangement wherein opening 163 in the post (corresponding to the "leg" of claim 9) coincides with the openings 166 in the beams; i.e., the openings 163 and 166 are "in a line." The clear import of this arrangement, when read in conjunction with col. 4, lines 42-50 of Ball '769, is that the openings in the beam and post are aligned so that the wiring can pass directly from the beam to the post through the openings. Thus, to interpret "aligned" to include "in correct relative positioning," as the Commissioner would have us do, would be inconsistent with the use of the term in the specification.
 
 
 5
 Furthermore, by the Commissioner's interpretation, no matter where the openings were located, they would be "aligned" as long as they were fixed relative to each other, because any two objects which are fixed can be said to be "in correct relative positioning." For example, in Fig. 1 of the Ball disclosure, an opening at the end of a table panel 27 would be "aligned" with an opening at the base of post 15 according to the Commissioner's interpretation. We are not willing to say that the term "aligned" covers such an arrangement. Thus, interpreting "aligned" to include "in correct relative positioning" is also unreasonable.
 
 
 6
 Therefore, we conclude that the definition of the term "aligned" must be limited to include only "arranged in a line." The next step is to determine what effect the modifier "substantially" has on this definition. Words such as "substantially", "approximately", and "about" are often used in claims to prevent a potential infringer from avoiding literal infringement simply by making a minor modification. While the modifier "substantially" certainly does broaden the term "aligned" to some degree, it "cannot be allowed to negate the meaning of the word it modifies." Arvin Industries, Inc. v. Berns Air King Corp., 525 F.2d 182, 185, 188 USPQ 49, 51 (7th Cir.1975); Borg-Warner Corp. v. Paragon Gear Works, Inc., 355 F.2d 400, 404, 148 USPQ 1, 4 (1st Cir.1965), cert. dismissed, 384 U.S. 935 (1966). We conclude that the phrase "substantially aligned" allows a reasonable deviation from exactly "in a line."
 
 
 7
 The final issue with respect to claim construction concerns the effect of the phrase "to permit beam-to-beam wiring passage therethrough." The Commissioner contends, and apparently the Board agreed, that this functional language provides a definition for substantially aligned; i.e., any arrangement which "permits beam-to-beam wiring" is "substantially aligned." We disagree with this contention and with the Commissioner's reliance on In re Swinehart, 439 F.2d 210, 169 USPQ 229 (CCPA 1971). The passage in In re Swinehart quoted by the Commissioner indicates that "functional language" (not to be confused with "means plus function" language under 35 USC 112, p 6) by itself covers any and all embodiments which perform the recited function. However, the functional clause in claim 9 is not used by itself; it is used in conjunction with the phrase "substantially aligned," and this phrase cannot be ignored simply because functional language is also used.
 
 B. Obviousness
 
 8
 Having construed the claim language, we must now determine if the structure covered by that language would have been obvious in view of the cited Mello reference. We do not think that the holes 43 and 44 in Mello can be considered to be substantially aligned. They are not arranged so as to "form a line." When the beam 14 is attached to the post 1, it is clear that holes 44 will be located significantly below the hole 43. Furthermore, holes 44 extend radially out from the post 1, while hole 43 extends tangentially to the post. Thus, Mello clearly does not show a passage means on the post substantially aligned with a passage on the beam.
 
 
 9
 Nor is there any suggestion in Mello, either explicit or implicit, which would have motivated one skilled in the art to provide substantially aligned passages in the posts and beams. The reason why such alignment is desirable according to the Ball disclosure is clear from claim 9: to permit beam-to-beam wiring. However, Mello appears to be interested not in beam-to-beam wiring, but in beam-to-post wiring. And even if, as the Board suggested, col. 3, line 55 to col. 4, line 8 of Mello suggests beam-to-beam wiring, Mello describes a particular structure with which to do so. This structure does not involve substantial alignment of passages. Since there is no motivation in the prior art to substantially align the holes in Mello, the structure of claim 9 is not rendered obvious by the prior art.[1] See In re Sernaker, 702 F.2d 989, 217 USPQ 1 (Fed.Cir.1983).
 
 
 
 *
 Judge Friedman assumed senior status effective November 1, 1989
 
 
 [1]
 We do note that the rejection of claim 9 was not based on Mello alone, but on Mello in view of Hage or Guarnere and the Mobili publication. However, the Commissioner does not argue on this appeal that there is any teaching in these references or any others which would have motivated one skilled in the art to substantially align the holes 43 and 44 in Mello